UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v().                                Case No.  8:12-cr-404-T-23MAP

ISAM NASSER
_____/

ORDER

This cause comes on for consideration of Defendant Nasser's Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (D-84), and the Government's opposition thereto (D-88).

By way of background, Defendant was charged in an eleven count Indictment with conspiracy to defraud the United States and to commit wire fraud, wire fraud, and unauthorized use, transfer, acquisition, alteration or possession of benefits in violation of 18 U.S.C. § 371, 18 U.S.C. §§ 1343 and 2, and 7 U.S.C. § 2024(b)(1) and 18 U.S.C. § 2. Defendant proceeded to trial on April 29, 2013. At the close of the Government's case-in chief, Defendant moved for a judgment of acquittal arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. The Court denied the motion and found sufficient evidence presented at trial for a jury to find Defendant guilty beyond a reasonable doubt as to all of the Counts of the Indictment. Defendant presented no witness testimony but offered into evidence three documentary exhibits. On May 1, 2013, the jury

found Defendant guilty as to all Counts of the Indictment.

Defendant timely filed his renewed motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) arguing insufficiency of the evidence. Defendant alternatively moves for a new trial pursuant to Fed.R.Crim.P. 33(a). The Court addresses each request in turn.

I. Motion for Judgment of Acquittal

Rule 29 provides in relevant part that a court must order the entry of judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

Defendant previously raised at trial his argument with regard to the sufficiency of the evidence, and the Court denied his motion for judgment of acquittal. Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict,

the Court again finds that there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of Counts One through Eleven of the Indictment.

Defendant attacks the credibility of two Government witnesses, USDA Investigator Calvin Bullock and Regina Porrazzo. Bullock testified that, while working in an undercover capacity, he went to Hungry Baba on two occasions in August 2009. Bullock testified that the first time a female outside the store told him "Slim" was working and would give him cash for food stamp benefits. Bullock testified that the same clerk was present on both occasions and that the clerk charged Bullock's EBT card a fraudulently inflated amount and gave Bullock $20 each time. Bullock identified Defendant as the clerk.

Porrazzo testified that she had served 13 months of an 18-month sentence of probation for food stamp fraud. She explained that she had sold her food stamps and was using her EBT card inappropriately. Porrazzo testified she had used her EBT card at Hungry Baba on numerous occasions to get cash and buy non-food items from December 2009 to January 2010. She explained that "Slim," who she identified as the Defendant, was one of two individuals who processed her fraudulent transactions at Hungry Baba.

Defendant contends that no reasonable jury could conclude that Bullock's identification of Defendant as the clerk was reliable.

Credibility determinations are within the exclusive province jury and challenges to a witness' veracity will not establish insufficiency of the evidence. United States v. Black, 134 Fed. Appx. 404 (11th Cir. 2005)[1]. While Bullock initially identified Defendant on direct examination, defense counsel was able to cross-examine Bullock about his in-court identification which gave the jury further opportunity to evaluate Bullock's credibility. Bullock's testimony was not incredible as a matter of law and, as such, the jury could consider it as evidence supporting Defendant's conviction.

Defendant argues that he was prejudiced when the Court prohibited defense counsel from using Porrazzo's plea of guilty to possession of cocaine in 2006, for which adjudication was withheld, to impeach her credibility under Rule 609 but allowed the Government to elicit from Porrazzo that she was on state probation for food stamp fraud, for which adjudication was also withheld, at Hungry Baba. He argues that "a party seeking to enforce a bar in introducing evidence of felonies subject to a withhold of adjudication should be subject to the same holding." (D-84, p. 5.)

Rule 609 provides for impeachment by evidence of conviction of a crime. An adjudication withheld is not a conviction under

---

[1] Although unpublished opinions are not considered binding authority, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. See 11th Cir. R. 36-2.

Florida law, and, as such, it cannot be used to impeach a witness. United States v. Georgalis, 631 F.2d 1199, 1203-04 (5th Cir. 1980) (while it was improper to impeach witness with an adjudication withheld as no conviction existed under Florida law, the error was harmless); Hernandez v. United States, No. 8:12-cv-623-T-30TGW, 2013 WL 500126, at *2 (M.D. Fla. Feb. 11, 2013) (offense for which adjudication was withheld was inappropriate to use for impeachment purposes and appellate counsel was not ineffective in failing to raise issue on appeal); State v. McFadden, 772 So.2d 1209 (Fla. 2000) (a withhold of adjudication is not a "conviction" for purposes of impeachment).  The Court therefore appropriately granted the Government's oral motion in limine seeking to prevent defense counsel from using the cocaine offense to impeach Porrazzo.

The fact that the Government elicited testimony from Porrazzo regarding her probationary status as to the fraud offense is not relevant to the Court's ruling prohibiting the defense from utilizing the cocaine offense as impeachment.  While a witness' guilty plea cannot be used as evidence of a defendant's guilt, it is permissible for the government to elicit testimony regarding witnesses' guilty pleas in an attempt to "blunt the impact of expected attacks on the witnesses' credibility." United States v. Countryman, 758 F.2d 574, 577 (11th Cir. 1985); United States v. Melton, 739 F.2d 576, 578-579 (11th Cir. 1984).  There is nothing in the record demonstrating that the Government attempted to use

Porrazzo's guilty plea as substantive evidence of Defendant's guilt. Defense counsel had the opportunity to cross-examine Porrazzo regarding the guilty plea and as to any bias, prejudice or motive she had for testifying.

II. Motion for New Trial

As to Defendant's alternative request for a new trial, Rule 33(a), Fed.R. Crim.Pro., provides that the Court may grant a new trial "if the interests of justice so requires." The burden, of course, is on the defendant to establish that a new trial should be granted. To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Fernandez, 905 F.2d 350, 352 (11th Cir. 1990) (citing United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985)). Moreover, the Court must find that the verdict is against the great weight of evidence in order to grant a new trial on evidentiary grounds. United States v. Sullivan, 1 F.3d 1191, 1196 (11th Cir. 1993) (citing Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)).

The Court finds that the interest of justice does not require a new trial in this case. The evidence did not preponderate heavily against the verdict. Furthermore, barring Defendant from impeaching Porrazzo with the cocaine offense but allowing the Government to elicit testimony that Porrazzo pled guilty to food stamp fraud did not result in a miscarriage of justice. As the

jury's finding Defendant guilty as to Counts One through Eleven of the Indictment does not amount to a serious "miscarriage of justice," Defendant is not entitled to the relief he seeks.

The Court ORDERS as follows:

(1) Defendant Nasser's Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial (D-84) is DENIED.

DONE AND ORDERED in Tampa, Florida this 6th day of June, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE